IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CAROLE VAN VALKENBURGH,**

    **Plaintiff,**

vs.                                                                                              No.  09cv1151 GBW/DJS

**TRACKS TO MEXICO, INC.,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Compel **[Doc. No. 26]** filed on June 24, 2010, and fully briefed on July 20, 2010.  Defendant moves the Court for an order compelling Plaintiff to fully respond to Defendant's discovery requests.  In its Reply, Defendant contends that Request for Production No. 1 and Interrogatories Nos. 13, 17, 19, 20 and 24 are no longer in dispute.  For the reasons set forth below, the Court will grant, in part, Defendant's Motion to Compel.

### I.  Discussion

Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers "the purpose discovery is intended to serve– advancing the quest for truth." *Taylor v. Illinois*, 484 U.S. 400, 430, 108 S.Ct. 646, 664 (1988).  Under Rule 26 of the federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  FED.R.CIV.P.26(b)(1).  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or

reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 238 (1978).

**Interrogatories Nos. 7, 10, 12, 15, 18 and 22**

>Interrogatories No. 7 states:
>
>If you have ever had any serious illnesses, impairments, physical defects, psychological problems, diseases or surgical operations either before or after the incident referred to in your Complaint (in other words at any time in your life), provide the date, place and a description of each such serious illness, impairment, physical defect, psychological problem, disease or surgery, and the names and addresses of all your treating health care providers, including physicians, surgeons, osteopaths, psychologists, chiropractors, hospitals, clinics, in- or out-patient facilities and dentists.  Please include the names and addresses of any primary care physicians you have had.

Def.'s Mot. Compel; Ex. A.  In her response, Plaintiff concedes that her answer was not responsive.  Accordingly, Plaintiff shall answer Interrogatory No. 7.

>Interrogatory No. 10 states:
>
>Please list the name, address and telephone number of each and every insurance company and self-insured with whom you, or someone on your behalf, have ever made a claim.  For each company, list the date of the claim, the reasons for the claim, the claim number, the name of the claim handler and the final disposition of each claim.

Def.'s Mot. Compel; Ex. A.  Plaintiff responded by listing Medicare and Blue Cross/Blue Shield, along with the address and telephone numbers.  Plaintiff did not provide the date of each claim, the reason for the claim, the claim number, the name of the claim handler or the final disposition of the claim.

Plaintiff contends that prior to retiring in 2001 she was an employee of the New Mexico Environment Department and Blue Cross/Blue Shield provided her medical coverage. Upon retirement the Medicare program covered her medical care.  Therefore, her visits to her healthcare providers were billed to Blue Cross/Blue Shield and later to Medicare.  Plaintiff has

signed and provided release forms to Defendant, so it can request those records.  Plaintiff has also provided release forms for her healthcare providers.

Nonetheless, Defendant insists it needs "specific information related to the details of each medical claim that has been made by Plaintiff." Def.'s Reply at 3.  Plaintiff is sixty-eight years old and was employed by the State of New Mexico starting in 1978 and retired in 2001.  Plaintiff contends it would be an arduous task for her to prepare a list of all her claims when Defendant has her records from her healthcare providers and her insurers which provide the desired information.  The Court agrees.  Defendant is asking for information that spans many years. It would be difficult for anyone to recall all visits to healthcare providers for such a long period of time let alone the dates and reason(s) for the visit and the outcomes of such visits.  Additionally, the records already provided to Defendant would have the claim numbers and the name of the claim handlers.  Accordingly, Plaintiff has fully responded to Interrogatory No. 10.

Interrogatory No. 12 states:

State the name, address and telephone number of each person, other than those listed in your answer to the preceding Interrogatory, you may call as a witness at the time of trial.  As to each person, identify the person's relationship to you (i.e. spouse, brother, sister, friend, etc.), state the subject matter on which he or she is to testify, provide a detailed recitation of that anticipated testimony, and identify all documentation and demonstrative materials upon which the witness may rely at the time of trial.

Def.'s Mot. Compel; Ex. A.  Plaintiff responded that, other than her spouse, her attorney had not yet decided who would be called as trial witnesses.  Plaintiff also stated the subject matter on which her spouse would testify.  At this time, her response is adequate.  However, Plaintiff shall supplement her response when and if additional trial witnesses are known to her attorney.

Interrogatory No. 15 states:

> Have you ever had, prior to this incident, any health or mental problems similar to what you believe are now caused or aggravated by this incident? If so, please state for each problem when the prior problem existed, the names and addresses of your health care providers, whether each problem had resolved prior to this incident, whether this incident aggravated the pre-existing conditions and if so, in what manner they were aggravated.

*Id.* Plaintiff responded "not applicable" to this interrogatory. At her deposition, Plaintiff clarified her answer and stated it should have been "no" instead of "not applicable." Therefore, Plaintiff has fully responded to this interrogatory.

Interrogatory No. 18 states:

> Please describe in detail all of your activities in the 24-hour period leading up to the alleged incident on March 7, 2007. Please list the names, addresses and telephone numbers of all persons with whom you associated during this time.

*Id.* Plaintiff answered, "We did a little touring of shops, and spent time enjoying the scenery. We had meals and went to bed. We occasionally spoke to a few fellow passengers and Wagon Masters. Please see the itinerary, which has already been provided." *Id.*

Defendant contends Plaintiff's answer is "general and vague." Additionally, Defendant contends Plaintiff's answer is insufficient and incomplete when compared to her deposition testimony. Def.'s Reply at 4. Plaintiff contends she answered the interrogatory "the best" she could. Plaintiff should supplement her answer if she has anything more to add.

Interrogatory No. 22 states:

> State whether you or your attorneys are aware of any statements, written or recorded, or other documentation obtained from any person purporting to have knowledge of the incident alleged in the claim. If so, state: (1) The name, address and phone number of each person who gave any such statement and to whom given; (b) The dates of the statement; and (c) The name, address and phone number of the person or persons who have possession or custody of the statement at this time.

Def.'s Mot. Compel; Ex. A. Defendant asserts Plaintiff failed to provide the requested information.

In response to Interrogatory No. 22 , Plaintiff answered, "I received some cards from people who were on the trip.  They have been provided."  *Id.*  In her response to Defendant's motion to compel, Plaintiff clarified her answer by stating she had not received any statements from any person(s).  Pl.'s Resp. at 8.   Therefore, Plaintiff has fully responded to this interrogatory.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel is granted in part. Plaintiff shall fully answer Interrogatory No. 7 and supplement her answer to Interrogatory No. 12 if necessary.

**DON J. SVET**
**United States Magistrate Judge**